FOR PUBLICATION

# JUDICIAL COUNCIL OF THE NINTH CIRCUIT

| | |
|---|---|
| **IN RE COMPLAINT OF JUDICIAL MISCONDUCT** | No. 23-90082 **ORDER** |

Filed October 3, 2024

## ORDER

**MURGUIA**, Chief Judge:

A complaint of judicial misconduct has been filed against a district judge. Review of this complaint is governed by the Rules for Judicial-Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 *et seq.*, and relevant prior decisions of the Ninth Circuit Judicial Council. In accordance with these authorities, the names of the complainant and the subject judge shall not be disclosed in this order. *See* Judicial-Conduct Rule 11(g)(2).

The Judicial Conduct and Disability Act provides a remedy if a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of

the business of the courts." 28 U.S.C. § 351(a). A chief judge may dismiss a complaint if, following review, he or she finds it is not cognizable under the statute, is directly related to the merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct. *See* 28 U.S.C. § 352(b)(1)(A)(i)-(iii). Judicial misconduct proceedings are not a substitute for the normal appellate review process and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

Complainant alleges that the district judge made "abusive and unbecoming" statements during a hearing and improperly suggested that he could "disbar" an attorney. Pursuant to Judicial-Conduct Rule 11(b), a limited inquiry was conducted. As part of the inquiry, a written response from the district judge was requested and considered, and other available information was reviewed.

The district judge suggested that he would take action to ensure the attorney no longer practiced law. Although judges may not inappropriately wield their influence to have an attorney disbarred, *see In re Charges of Judicial Misconduct*, 465 F.3d 532, 546 (2d Cir. Jud. Council 2006), they "should take appropriate action upon receipt of reliable information … that a lawyer violated applicable rules of professional conduct." Code of Conduct for United States Judges Canon 3(B)(6). This attorney's conduct warranted referral to the relevant disciplinary body. Indeed, the state bar subsequently disciplined the attorney for his conduct in this case. In this context, the judge's comments did not constitute misconduct.

Although some of the district judge's comments were not expressed in a professional manner, a review of the record

reveals that the district judge's treatment of the attorney was not demonstrably egregious and hostile, as required for a finding of misconduct under the Judicial Conduct and Disability Act. One brief exchange, following a long line of unprofessional and shocking conduct by the attorney, did not interfere with the effective and expeditious administration of the business of the courts. Accordingly, this allegation is dismissed. *See* Judicial-Conduct Rule 11(c)(1)(A), (D).

That said, the district judge is reminded that a "judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity." Code of Conduct for United States Judges Canon 3(A)(3).

**DISMISSED.**